803 F.2d 719
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph C. Hampton, Plaintiff-Appellant
v.
Jerry Berube, et al., Defendants-Appellees.
 No. 86-5258.
 United States Court of Appeals, Sixth Circuit.
 Sept. 22, 1986.
 
 1
 BEFORE: MARTIN, MILBURN and BOGGS, Circuit Judges
 
 ORDER
 
 2
 This matter is before the Court upon defendants' motion to dismiss plaintiff's appeal. Plaintiff has not responded.
 
 
 3
 Plaintiff, a Tennessee prisoner, commenced this civil rights action under 42 U.S.C. Secs. 1983 and 1985 against a county, state and local officials, two hospitals, physicians on staff at those hospitals, and two private individuals seeking redress for injuries that he received during and after his arrest in November, 1984. He alleged that defendants' actions denied him due process of law in violation of the fifth and fourteenth amendments and deprived him of his fourteenth amendment liberty interest. Plaintiff sought declaratory and injunctive relief, as well as compensatory and punitive damages.
 
 
 4
 The district court referred the case to a magistrate for a determination of whether it was frivolous under 28 U.S.C. Sec. 1915(d). Initially, the magistrate recommended that all of the defendants except the county and the two arresting officers be dismissed, that the complaint be served upon those defendants, and that an evidentiary hearing be held to determine if the case should be dismissed under 28 U.S.C. Sec. 1915(d). After the evidentiary hearing, the magistrate recommended that plaintiff's action be dismissed without prejudice under the abstention doctrine enunciated in Younger v. Harris, 401 U.S. 37 (1971). The district court entered an order accepting the magistrate's report and recommendations on November 15, 1985. Plaintiff filed untimely objections to the magistrate's report. The district court considered the untimely objections and reaffirmed its holding of November 15, 1985. On January 22, 1986 plaintiff filed a Civil Appeal Pre-Argument Statement, which was construed as a notice of appeal.
 
 
 5
 Defendants seek to dismiss plaintiff's appeal on the basis that the order appealed from was not a final adjudication on the merits. However, the appeal must be dismissed because this Court lacks jurisdiction.
 
 
 6
 Rule 4(a)(1), Federal Rules of Appellate Procedure requires the filing of a notice of appeal within 30 days of the entry of judgment. Compliance with Rule 4(a) is a mandatory and jurisdictional prerequisite, which this Court can neither waive nor extend. Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257 (1978). In the present case the district court entered its order on November 27, 1985. Plaintiff's notice of appeal, which was filed on January 22, 1986, was 26 days late. Since the notice of appeal was untimely, this Court lacks jurisdiction to consider the appeal.
 
 
 7
 It is, therefore, ORDERED that the motion to dismiss is granted.